IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–02324–KMT

CLARENDON NATIONAL INSURANCE COMPANY,

    Plaintiff/Counterclaim Defendant,

v.

BROOKTREE VILLAGE HOMEOWNERS ASSOCIATION, INC.,

    Defendant/Counterclaim Plaintiff.

---

## ORDER

---

This matter is before the court on "Plaintiff's Motion to Dismiss Counterclaims Pursuant to Fed. R. Civ. P. 12(b)(6)," filed by Plaintiff Clarendon National Insurance Company ("Plaintiff," or "Clarendon"). [("Motion"), Doc. No. 18.] Defendant Brooktree Village Homeowners Association, Inc. ("Defendant," or "the HOA") has responded in opposition to the Motion, and Plaintiff has replied. [("Response"), Doc. No. 21; ("Reply"), Doc. No. 23.]

### BACKGROUND

The following facts are taken from Plaintiff's Complaint, where the allegations are admitted, as well as Defendant's Answer and Counterclaims. [*See* ("Complaint"), Doc. No. 1; ("Answer"), Doc. No. 10.] For the purposes of this Motion, Defendant's allegations must be accepted as true. *See GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

In this declaratory judgment action, Plaintiff seeks a determination of its rights and obligations under certain commercial general liability policies issued to Defendant's judgment debtor, Brooktree Village, LLC ("Brooktree"). [Compl. ¶ 13.] Brooktree, as the owner, and Development, Inc. ("Rivers"), as the general contractor, developed and constructed a 52-unit townhome community in El Paso County, Colorado. [*Id.* at ¶¶ 8-9; Answer ¶ 61.] In connection with the construction of the townhome development, known as "Brooktree Village," Companion Specialty Insurance Company ("Companion") issued a primary commercial general liability policy to Brooktree, with an effective policy period of April 25, 2012 to April 25, 2014, as well as a commercial excess policy for the same policy period. [Compl. ¶¶ 15, 38; Answer ¶ 60.] Plaintiff is said to be Companion's successor in interest with respect to both policies. [Compl. ¶ 16.]

The HOA reportedly governs Brooktree Village, and portions of the community are maintained by the HOA. [Answer ¶ 61.] As a result of claimed construction defects at Brooktree Village, the HOA brought a lawsuit, in Colorado state court, against both Brooktree and Rivers. [Compl. ¶ 8; Answer ¶¶ 66-67.] After the parties, including the insurer, participated in several mediations, the case went to a jury trial in May 2019, and a jury awarded the HOA $1,850,000 in damages. [Compl. ¶ 11; Answer ¶¶ 68-70.] The HOA is, thus, a third-party creditor of Clarendon's insured with respect to the underlying judgment.

On August 14, 2019, Clarendon filed this action against the HOA for declaratory judgment, seeking a determination of its rights and obligations under the insurance policies to the HOA, if any. [Compl. ¶ 13.] Defendant thereafter filed its Answer, Counterclaims, and Jury Demand, on September 19, 2019. [*See* Answer.]

The HOA asserts three counterclaims: (1) breach of contract; (2) common law bad faith breach of insurance contract; and (3) unreasonable delay and denial of payment for benefits, pursuant to Colo. Rev. Stat. §§10-3-1115 – 1116.  [*Id.* at ¶¶ 73-92.]  In this Motion, Clarendon seeks dismissal of the three counterclaims.  [Mot. 1.]  Clarendon argues, specifically, that the HOA lacks the legal right to bring any bad faith cause of action, because it was neither an insured under the policy, nor a party to the insurance contract.  [*Id.* at 4-5.]  Plaintiff likewise contends that Defendant cannot bring any statutory bad faith claims, because the HOA is not a "first-party claimant" under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116, and because it has not received an assignment of the insured's rights to benefits pursuant to the policy from the policyholder, Brooktree.  [*Id.* at 5-7.]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id*. at 679-81.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.  *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). "[T]he district court may consider documents referred to in the complaint if the documents are

4

central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (quotations omitted).

## ANALYSIS

Although every contract contains an implied duty of good faith and fair dealing, insurance contracts are unlike ordinary bilateral contracts. *Goodson v. Am. Standard Ins. Co.,* 89 P.3d 409, 414 (Colo.2004). Contracts of insurance are treated differently, "because the parties to such an insurance contract do not intend to benefit the general public; their intent is to benefit the named insured by protecting him or her against future liability." *All Around Transp., Inc. v. Cont'l W. Ins. Co.,* 931 P.2d 552, 556 (Colo. App. 1996). Rather than entering into a contract to obtain a commercial advantage, insureds enter into insurance contracts "for the financial security obtained by protecting themselves from unforeseen calamities and for peace of mind[.]" *Goodson*, 89 P.3d at 414 (citing *Farmers Grp., Inc. v. Trimble,* 691 P.2d 1138, 1141 (Colo.1984)). Furthermore, insurance policies generally are not the result of negotiation, due to the significant disparity in the bargaining power between the insurer and the insured. *Id.* (citing *Huizar v. Allstate Ins. Co.,* 952 P.2d 342, 344 (Colo.1998)).

As a result of the "special nature of the insurance contract and the relationship which exists between the insurer and the insured," in addition to liability for regular breach of contract, an insurer's bad faith breach of an insurance contract also gives rise to tort liability in *first-party* claims. *Id.* (quoting *Cary v. United of Omaha Life Ins. Co.,* 68 P.3d 462, 466 (Colo.2003)).

The concept of "[t]hird-party bad faith arises when an insurance company acts unreasonably in investigating, defending, or settling a claim brought by a third person against its insured under a liability policy." *Nunn v. Mid-Century Ins. Co.*, 244 P.3d 116, 119 (Colo. 2010),

*as modified on denial of reh'g* (Jan. 10, 2011).  The Colorado Court of Appeals, in *Schnacker v. State Farm Mutual Automobile Insurance Co.*, 843 P.2d 102 (Colo.App.1992), held that an injured third party, who entered into a settlement agreement with an insured tortfeasor, could not bring a bad faith cause of action against the tortfeasor's insurer to recover interest on a personal injury settlement award.  *Schnacker*, 843 P.2d at 103-04.  There, the court stated:

> The duty of an insurer to act in good faith when dealing with its insured is recognized and is implied in law as a covenant of the insurance contract. The basis for liability in tort for the breach of an insurer's implied duty of good faith and fair dealing is grounded upon the special nature of the insurance contract and the relationship which exists between the insured and insurer. That foundation obviously does not exist for a third party.

*Id.* at 104-105 (citing *Trimble,* 691 P.2d at 1141).

Courts in this District, when applying Colorado law, have repeatedly found that insurers do not owe a duty of good faith and fair dealing to injured third parties.  *See, e.g., Galusha v. Farmers Ins. Exchange*, 844 F. Supp. 1401, 1403–1404 (D. Colo. 1994) ("The duty of good faith and fair dealing is implied in every insurance policy and is based upon the special relationship between the insurer and the insured" and that "duty does not extend to injured third-party claimants"); *Dean v. Allstate Ins. Co.*, 878 F. Supp. 1397, 1400 (D. Colo. 1993).  The overwhelming majority of jurisdictions confronting the issue across the nation have reached the same conclusion.  *See, e.g., Schnacker*, 843 P.2d at 104-05 (collecting cases); *Messina v. Nationwide Mut. Ins. Co.*, 998 F.2d 2, 5 (D.C. Cir. 1993) (collecting cases); Thomas Flaherty et al., *Developments in West Virginia's Insurance Bad Faith Law—Where do We Go from Here?*, 98 W. VA. L. REV. 267, 300 n. 130 (1995) (collecting cases).  "To hold otherwise places the insurer in the untenable position of owing a duty of good faith to both the insured tortfeasor and

his adversary." *Galusha*, 844 F. Supp. at 1404 (citing *Herrig v. Herrig*, 844 P.2d 487, 491 (Wyo.1992)); *see also Nunn*, 244 P.3d at 119.

Because no duty is owed by the insurer to the third party, no direct claim for breach of the non-existent duty can be recognized. S*ee Webb v. Brandon Exp., Inc.*, No. 09-cv-00792-WYD-BNB, 2009 WL 5210120, at *2–3 (D. Colo. Dec. 23, 2009) ("Unless specifically authorized by statute, a bad faith cause of action against an insurer by a third-party claimant is simply not recognized in Colorado."); *accord Pompa v. Am. Family Mut. Ins. Co.,* 506 F. Supp. 2d 412, 415 (D. Colo. 2007). Therefore, in order for a third-party creditor, such as Defendant, to bring a bad faith claim against the debtor's insurance company, *the insured*—in this case Brooktree—must have made a formal assignment of its bad faith claims to the third party. *See Tivoli Ventures, Inc. v. Bumann,* 870 P.2d 1244, 1248 (Colo. 1994) ("As a general principle of common law, an assignee stands in the shoes of the assignor.").

Here, there is no question that Brooktree did not assign its rights to the HOA to bring bad faith tort claims against Clarendon. [Mot. 2.] Indeed, Defendant does not claim to have an assignment of Brooktree's rights; rather, the HOA is proceeding under a theory that the Clarendon insurance policy granted it with "direct rights on the policy in the event the [HOA] successfully sued Brooktree and became a judgment creditor." [Resp. 2.]

The provision upon which the HOA relies—the legal action limitation clause—provides that:

> No person or organization has a right under this Coverage Part:
>   a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or
>   b. To sue us on this Coverage Part unless all its terms have been fully complied with.

7

> A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

[Resp. Ex. A at 22, captioned "Legal Action Against Us.")

By its unambiguous terms, the legal action limitation clause in the Clarendon policy gives a right to a third-party creditor – to wit, someone who has obtained a judgment against the insured – to attempt collection from the insured's insurance company, for all or part of a final judgment rendered against the insured, up to the limit of the insurance policy, if the activity causing damage was covered under the coverage provisions of the policy.  (*See id.*)  The legal action limitation clause does not give a third-party creditor the right to sue for amounts in excess of the policy limits, or for damage that is not otherwise covered by the terms of the insurance policy.  Nor does the clause override the established law with respect to bad faith claims made by strangers to the policy.

The HOA is a third-party creditor of Brooktree, in that it has obtained a judgment against both Brooktree and Rivers, and the insurance policy was in force during the relevant time period.  But, the HOA is not a party to the insurance contract.  Under Colorado law, a breach of contract claim has four elements: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *W. Distrib. Co. v. Diodosio,* 841 P.2d 1053, 1058 (Colo.1992) (citations omitted).

In addition to the bar on bad faith claims, a third party who is not a signatory to an insurance agreement may enforce one or more of the obligations created by the contract through

a breach of contract action, only if the actual signing parties intended the third party to be a direct beneficiary of one or more obligations of that agreement.  *Villa Sierra Condo. Ass'n v. Field Corp.,* 878 P.2d 161, 166 (Colo. App.1994) (holding condominium owners to be third-party beneficiaries of a developer's agreement with the city to construct road/sidewalk improvements abutting the condominium property); *Jefferson Cty. Sch. Dist. No. R–1 v. Shorey,* 826 P.2d 830 (Colo. 1992) (finding an employee to be a third-party beneficiary of a collective bargaining agreement, where the union negotiated with the employer for the employee's benefit).

In *Cassidy v. Millers Casualty Insurance Co.*, 1 F. Supp. 2d 1200, 1203 (D. Colo. 1998), Senior District Judge Lewis T. Babcock construed the effect of a legal action limitation clause on a third-party creditor, who was a non-signatory to the policy at issue.  In *Cassidy*, the insured was sued for negligence, negligent infliction of emotional distress, and outrageous conduct for abusing two individuals who were minors at the time of the alleged abuse.  *Cassidy*, 1 F. Supp. 2d at 1203.  The defendant in *Cassidy* was the insurance carrier of the insured tortfeasor's homeowner's policy.  *Id.* at 1203-04.  After the state court awarded the minors approximately $3,000,000.00 in damages, the insurance company brought a declaratory judgment action seeking determination of its obligations to pay any part of the judgment rendered against its insured.  *Id* at 1204-05.  However, unlike this case, that declaratory judgment action was not pursued and was ultimately dismissed.  Eventually, the two minors in *Cassidy* brought their own lawsuit, in a different state court, against the perpetrator's insurer, alleging six claims for relief: breach of contract, willful breach of contract, bad faith breach of insurance contract, abuse of process, estoppel, and extreme and outrageous conduct.  *Id*. at 1204.

The insurer subsequently removed both minors' cases, as well as the insured tortfeasor's case, to the United States District Court for the District of Colorado, where the cases were consolidated by Judge Babcock. Mere days later, the insurer filed a declaratory judgment action in the Northern District of Texas, naming the insured tortfeasor and the two minors as defendants. The insurer's attempt to have the Colorado action moved to Texas and consolidated with that declaratory judgment action ultimately failed. Several months later, the insurer filed a counterclaim for a declaratory judgment in the District of Colorado consolidated cases.

In addressing issues pertaining only to the two minors, both of whom were strangers to the insurance contract, Senior Judge Babcock ultimately found, with respect to the legal action limitation clause, that "[t]hough this policy language does not afford [plaintiffs] standing to sue in tort for amounts exceeding the policy limit, this language clearly affords them [Cassidy and Ball] standing to sue *in contract* for amounts within the policy limit." *Id.* at 1211 (emphasis added). The court in *Cassidy* further held:

> An insurance policy is a contract, the interpretation of which is generally consistent with established principles of contract law. *American Family Mut. Ins. Co. v. Johnson,* 816 P.2d 952, 953 (Colo.1991) (citation omitted). A person not a party to an express contract may bring an action on the contract if the parties to the agreement intended to benefit the third party, provided that such benefit is direct and not merely incidental. *E.B. Roberts Const. Co. v. Concrete Contractors, Inc.,* 704 P.2d 859, 865 (Colo.1985). The intent to benefit the third party must be apparent from the agreement's terms, the surrounding circumstances, or both.

*Id.* at 1211.

Senior Judge Babcock did not fully address the elements of a breach of contract claim, or whether the two minors were third-party beneficiaries of the insurance contract. Nor did he address the practical effect of allowing a limited breach of contract claim, in an otherwise sufficiently pleaded declaratory judgment action, to determine benefits under the insurance

10

contract. Instead, Senior Judge Babcock's analysis was focused on whether the minor victims of the insured tortfeasor were limited to bringing only claims "in contract," or whether the victims could bring a tort action in excess of policy limits. He ultimately found in favor of the former.

As noted herein, in this case, the HOA has a right to sue under the legal action limitation clause. That is not the same thing, however, as an independent right to sue generally for breach of contract. *Am. Family Ins. Co. v. Apartment Builders, LP*, No. 11-cv-01380-RBJ-BNB, 2012 WL 5332201, at *2 (D. Colo. Oct. 29, 2012). Therefore, the only remaining issue is whether the HOA was the intended beneficiary of the insurance contract.

According to Defendant, Brooktree and Rivers were constructing a townhome housing development, and the policy was in force, specifically, with respect to this venture. [Resp. 2.] The policy reportedly "included a Construction Project Enforcement which limited coverage exclusively to bodily injury or property damages claims arising out of the Project's construction[,]" including construction defect claims. [*Id.*] A homeowner's association, such as the HOA, inferentially consists of persons who own (as in home*owners*) all or part of the finished project. The HOA's judgment arises out of claims for construction defects. This alone, however, is not enough to establish the HOA as an intended beneficiary. The fact that members of the HOA were the most likely victims of any construction defects caused by Brooktree does not change the fact that insureds who obtain liability insurance generally seek "to obtain some measure of financial security and protection against calamity, rather than to secure commercial advantage." *Farmers Grp., Inc. v. Trimble*, 691 P.2d 1138, 1141 (Colo. 1984).

An injured claimant, such as the HOA here, is not an intended beneficiary of the insurance contract just because the insured's actions caused it harm. Therefore, the HOA cannot

11

maintain a direct action on the liability policy protecting the tortfeasor.  *See All Around Transp., Inc.*, 931 P.2d at 555; *see also State Farm Fire & Cas. Co. v. Nikitow,* 924 P.2d 1084 (Colo.App.1995) (patient is not third-party beneficiary of physician's malpractice or business liability policies); *Parrish Chiropractic Ctrs., P.C. v. Progressive Cas. Ins. Co.,* 874 P.2d 1049 (Colo.1994) (health care provider is not third-party beneficiary of patient's "no-fault" policy); *United Servs. Auto. Ass'n v. Mione,* 528 P.2d 420 (Colo. App. 1974) (member of named insured's household is not third-party beneficiary of automobile liability policy).

Contract disputes are "precisely the type of action the Declaratory Judgment Act contemplates." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 125 (2007); *see* 28 U.S.C. 2201(a) ("In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.").  Any claim for benefits under the insurance policy's legal limitation clause can be fully and fairly litigated within the declaratory judgment parameters.

Wherefore, for the reasons set forth herein, it is

**ORDERED** that "Plaintiff's Motion to Dismiss Counterclaims Pursuant to Fed. R. Civ. P. 12(b)(6)" [Doc. No. 18] is **GRANTED.**  Defendant's Counterclaim No. 1, Breach of Contract, Counterclaim 2, Common Law Insurance Bad Faith and Counterclaim 3, Violation of C.R.S. §§ 10-3-1115, 1116 are hereby **DISMISSED** with prejudice.

Dated August 27, 2020.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge