IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–02324–KMT

CLARENDON NATIONAL INSURANCE COMPANY,

    Plaintiff,

v.

BROOKTREE VILLAGE HOMEOWNERS ASSOCIATION, INC.,

    Defendant.

## ORDER

This matter is before the court on "Plaintiff's Motion for Entry of Protective Order," filed June 12, 2020. [("Motion"), Doc. No. 32.] "Defendant's Response to Plaintiff's Motion for Entry of Protective Order" was filed on July 3, 2020, and "Plaintiff's Reply in Support of Motion for Entry of Protective Order" was filed July 18, 2020. [("Response"), Doc. No. 34; ("Reply"), Doc. No. 35.]

This case involves a prior jury finding of construction defects attributable to the developer and contractor at Brooktree Village, a condominium project developed by Brooktree LLC.[1] Companion Specialty Insurance Company issued a primary commercial general liability policy and a commercial excess policy to Brooktree LLC, in connection with construction of the

---

[1] A thorough factual summary of the issues involved in the case appears in the court's August 27, 2020 order, and will not be repeated here, except as necessary. [*See* Doc. No. 37.]

townhome development. [("Complaint"), Doc. No. 1 at ¶ 15.] Clarendon is said to be Companion's successor in interest with respect to both policies. [*Id.* at ¶ 16.]

In 2017, the HOA at Brooktree Village, Defendant herein, brought a lawsuit in state court against the developer and contractor (the insureds) for negligence, negligence per se, and breach of implied warranty.[2] [Resp. 2.] Ultimately, the HOA obtained a jury award, in its favor, in the amount of $1,850,000. [*Id.* at ¶¶ 8, 11.]

Clarendon brought this declaratory judgment action seeking judicial determination of its obligations to the HOA under the policy provisions. Clarendon's position is that "the costs to repair faulty workmanship that has not caused resultant property damage" are not covered by the policies, because there is no showing that there was "property damage" caused by an "occurrence," as defined by the policy. [Reply 2.]

The HOA contests this policy interpretation, and raised counterclaims for breach of contract and bad faith against Clarendon. [Doc. No. 10.] Subsequent to the filing of this Motion, however, the court dismissed the HOA's counterclaims. [Doc. No. 37.] Absent the counterclaims, the remaining issue in the case is whether, and to what extent, Clarendon has any obligation under the at-issue insurance policies to indemnify[3] the insureds for the underlying judgment.

---

[2] Among the items alleged to have been defective were framing, civil/grading, stucco, masonry/veneer, trim, moisture management, roofing, and fire protection. [Compl. ¶ 10.]

[3] The duty to indemnify relates to the insurer's duty to satisfy a judgment entered against the insured. *Cyprus Amax Minerals Co. v. Lexington Ins. Co.,* 74 P.3d 294, 299 (Colo. 2003).

## ANALYSIS

Plaintiff seeks relief from responding to the following discovery requests propounded by Defendant: (1) Requests for Admissions nos. 19 and 20; (2) Interrogatories nos. 9-15; and (3) Requests for Production nos. 2-3, 5-8, and 10-15.  [Mot. 5-6.]  Plaintiff characterizes these requests as "relating to underwriting information, claim file, and underlying defense counsel evaluations and communications."  [Reply 1.]  Plaintiff argues that the only relevance of the requested discovery is to Defendant's now-dismissed counterclaims.

The Federal Rules of Civil Procedure define the general scope and limits of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery resolving the issues and whether the burden of expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Indemnification by an insurance company arises only when the policy at issue actually covers the harm accruing to a third party, and typically cannot be determined until the resolution of the underlying claims.  *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 301 (Colo. 2003).  The determination of whether insurance coverage is ultimately applicable and payable is a question of fact.  *Hecla Min. Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991).  In this case, the state court jury has already resolved the liability of the insureds on the claims after a full trial.  The duty to indemnify here will, therefore, be based on the actual liability found by the jury in the underlying state court action.  *See Cyprus*, 74 P.3d at 301

("[T]he trigger for the duty to indemnify must normally await a determination of actual liability" and "presupposes that indemnity flows from the nature of the ultimate verdict, judgment or settlement."). A court making an indemnity determination "must look to the facts as they developed at trial and the ultimate judgment." *Id*.

In the present Motion, the HOA argues that, although liability was established after a full jury trial, "extrinsic evidence may assist the trial court in determining whether and to what extent actual liability, as represented by verdict . . . is covered by an existing policy." [Resp. 6.] On the contrary, however, the consideration of extrinsic evidence is disfavored when a full trial record exists, such as in the case here. Evidence, which was not presented at trial, is generally only allowable "where the claims do not proceed through the crucible of trial[.]" *Cyprus*, 74 P.3d at 301.

The HOA does not explain what evidence, which was apparently not part of the trial record in the underlying case, might be obtained from the requested discovery, that would provide assistance in determining the actual liability found by the jury. Nor does the HOA enlighten the court about how that evidence would assist in the coverage determination.[4]

The Tenth Circuit has spoken definitively against the HOA's position, stating:

> Under Colorado law, "the duty to indemnify relates to the insurer's duty to satisfy a judgment entered against the insured" and "arises only when the policy actually covers the alleged harm" that formed the basis for the judgment entered. *Cyprus*

---

[4] The HOA raises the "possibility" of a defective reservation of rights without pointing to any evidence whatsoever supporting such an allegation. More importantly, it is unclear to the court what this argument has to do with whether or not the Clarendon policies will provide coverage to third party creditor the HOA, pursuant to the legal action limitation clause of the policies. The legal action limitation clause is only properly applied when the claims for which liability was imposed are <u>covered</u> claims within policy limits of liability. The HOA does not have an assignment of rights from the insureds, and does not stand in the insureds' shoes, as more expansively addressed in the court's August 27, 2020 order. [*See* Doc. No. 37.]

4

> *Amax Minerals Co.,* 74 P.3d at 299, 301. The standard to determine if extrinsic evidence is admissible is therefore whether the evidence clarifies whether the judgment—"the actual liability imposed"—falls within the policy's coverage. *Id.* at 299. Extrinsic evidence is only relevant in this determination to the extent that it "assist [s] the trial court in determining whether and to what extent *actual liability,* as represented by a verdict or settlement, is covered by an existing policy." *Id.* at 301–02. An indemnity dispute is not an opportunity for plaintiffs to "retry the[ir] tort case." *See Bohrer v. Church Mut. Ins. Co.,* 965 P.2d 1258, 1267 & n. 9 (Colo.1998) (en banc).

*Am. Fire & Cas. Co. v. BCORP Canterbury at Riverwalk, LLC*, 282 F. App'x 643, 649 (10th Cir. 2008).

Defendant has not stated how any of the discovery it seeks from Plaintiff could "clarify" whether Brooktree LLC's and Rivers' actual liability imposed by the jury falls within the policy's coverage.  The court finds that extrinsic evidence is completely unnecessary, in light of the trial record and the coverage determination that needs to be made here.  Since the information is irrelevant, and since production of the discovery would, therefore, by definition, create a disproportionate burden on Plaintiff, there is no need to address the parties' arguments concerning various privileges which might otherwise apply, since the subject discovery shall not be allowed.

Accordingly, it is

5

**ORDERED** that "Plaintiff's Motion for Entry of Protective Order" [Doc. No. 32] is **GRANTED**.

Dated August 31, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge